**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Willie Thomas Gray, Appellant.

Appellate Case No. 2017-000160

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

Unpublished Opinion No. 2019-UP-235
Submitted June 1, 2019 – Filed June 26, 2019

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, both of
Columbia; and Solicitor David Matthew Stumbo, of
Greenwood, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. Stokes*, 381 S.C. 390, 398, 673 S.E.2d 434, 438 (2009) ("The
admission of evidence is within the discretion of the trial court and will not be

reversed absent an abuse of discretion."); Rule 803(6), SCRE (providing a report made "in the course of a regularly conducted business activity" is not excluded by the hearsay rule "if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness"); Rule 607, SCRE ("The credibility of a witness may be attacked by any party, including the party calling the witness."); Rule 613(b), SCRE ("Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is advised of the substance of the statement, the time and place it was allegedly made, and the person to whom it was made, and is given the opportunity to explain or deny the statement.  If a witness does not admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible."); Rule 801(d)(1)(A), SCRE (providing prior statements by a witness are not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . inconsistent with the declarant's testimony").[1]

**AFFIRMED.**[2]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] Appellant's argument that the admission of the medical records constituted improper character evidence is not preserved for review.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.